IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| STATE OF TEXAS, et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>JOSEPH R. BIDEN, JR., in his official capacity as President of the United States, et al.,<br><br>*Defendants.* | Civ. Action No. 3:21-cv-00065 |

**UNOPPOSED MOTION OF THE PROVINCE OF ALBERTA, CANADA FOR LEAVE TO PARTCIPATE IN THIS CASE AS AN AMICUS CURIAE AND TO FILE AN AMICUS CURIAE BRIEF IN SUPPORT OF PLAINTIFFS**

Tricia W. Macaluso
SBN: 24013773
BRYAN CAVE LEIGHTON PAISNER LLP
JP Morgan Chase Tower
2200 Ross Avenue, Suite 3300
Dallas, TX 75201
Tel:  214-721-8150
Fax:  214-721-8100
tricia.macaluso@bclplaw.com

Robert Tuchman*
Michael J. Hofmann*
Paul J. Lopach*
BRYAN CAVE LEIGHTON PAISNER LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203
Tel:  303-861-7000
Fax:  303-866-0200
robert.tuchman@bclplaw.com
michael.hofmann@bclplaw.com
paul.lopach@bclplaw.com

*Attorneys for the Province of Alberta, Canada*

*Motions for admission *pro hac vice* forthcoming

604126840.2

The Province of Alberta, Canada ("Alberta") respectfully moves this Court for leave to participate in this case as an amicus curiae and to file the attached amicus curiae brief in support of Plaintiffs. No party opposes this motion. The grounds for this motion are as follows:

1. Plaintiffs' claims in this case challenge the decision of President Biden, dated January 20, 2021, revoking the Presidential Permit for the Keystone XL pipeline ("KXLP"). (ECF No. 71, ¶¶ 6, 27-28, 86-136). The Presidential Permit authorized TransCanada Keystone Pipeline, L.P ("TransCanada") "to construct, connect, operate, and maintain pipeline facilities at the international border of the United States and Canada at Phillips County, Montana, for the import of oil from Canada to the United States." *See* Presidential Permit of March 29, 2019, 84 Fed. Reg. 13101 (Apr. 3, 2019) ("Presidential Permit"). Among other relief, Plaintiffs seek a declaration that President Biden's revocation of the Presidential Permit violates the U.S. Constitution. (ECF No. 71, ¶¶ 86-99).

2. Defendants have moved to dismiss the Plaintiffs' claims. (ECF No. 98). Among other grounds, Defendants assert that Plaintiffs' claims are moot because "any relief that the Court grants to Plaintiffs would be purely advisory in nature and entirely ineffective." (ECF No. 98, at 15).

3. Plaintiffs filed their response in opposition to Defendants' motion to dismiss on August 23, 2021. (ECF No. 107). In that response, Plaintiffs state: "But

604126840.2

for Defendants' actions, [the] largely underground and completed segment traversing the U.S.-Canada border would enable the KXLP to transport crude oil to vital U.S. refining centers." (ECF No. 107, at 4-5). Further, Plaintiffs state: "A project like the KXLP will unquestionably deliver significant financial returns for any company with the requisite capital resources . . . President Biden's requests to OPEC for increased product clearly shows increased oil demand. Once operational, the KXLP will not only supply that demand, it will stimulate the states' economies, augment tax revenues, promote energy security, and curb dependency on geopolitical competitors." (ECF No. 107, at 5). Plaintiffs also state: "Knowing the President could pull the plug at any time [on a presidential permit] and that judicial recourse would be foreclosed is more than enough to detain reasonable investors from undertaking the project." (ECF No. 107, at 6). Alberta seeks to file an amicus brief in support of Plaintiffs.

4. A federal district court has the inherent authority to invite participation by amicus curiae to assist the court in its proceedings. *United States v. Louisiana*, 751 F. Supp. 608, 620 (E.D. La. 1990). The decision to invite or accept participation by an amicus is solely within the discretion of the court. *Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 927 (S.D. Tex. 2007), *aff'd sub nom. U.S. ex rel. Gudur v. Deloitte & Touche*, No. 07-20414, 2008 WL 3244000 (5th Cir. Aug. 7, 2008). Factors relevant to the determination of whether amicus briefing should be

allowed include whether the proffered information is "timely and useful" or otherwise necessary to the administration of justice. *Id; see Jin v. Ministry of State Sec'y,* 557 F. Supp. 2d 131, 137 (D.D.C. 2008) (court should grant participation of the amicus when "the amicus has unique information or perspective that can help the court beyond the help that lawyers for the parties are able to provide"); *cf. Texas v. United States*, No. 6:21-cv-00003, 2021 WL 2172837 (S.D. Tex. March 5, 2021) (denying motion seeking leave to file amicus brief where brief was neither timely, useful, nor necessary to the administration of justice). Generally, courts have exercised great liberality in permitting an amicus curiae to file a brief in a pending case, and should err on the side of granting leave to file an amicus brief. *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 132-33 (3d Cir. 2002).

5. Alberta respectfully submits that its participation in this case and its amicus brief would satisfy the above test. Alberta's interest in this case, and its perspective, are unique as compared to each of the parties. As a matter of Canadian constitutional law, Alberta owns the mineral rights (including for crude oil and natural gas resources) underlying approximately 81% of Albert's land area. Oil recovered from Alberta lands would be transported by the KXLP, which would provide Alberta with increased access to international crude oil markets, including the U.S. Gulf Coast. No party in this case has such an interest.

604126840.2

6. In addition to its unique perspective as the owner of mineral rights, Alberta also invested in the KXLP. Pursuant to an agreement with TransCanada Pipelines Limited, a wholly-owned subsidiary of TC Energy Corporation ("TC Energy"), Alberta (through its statutory agent Alberta Petroleum Marketing Commission) agreed to contribute up to C$1.5 billion in equity to the KXLP in 2020 and to provide C$6 billion in loan guarantees in support of project financing for the KXLP commencing in January 2021. This perspective is both significant and unique because no party has this interest and the Presidential Permit's revocation has caused Alberta to incur damages exceeding C$1.0 billion.

7. If authorized to proceed, the KXLP would be a pivotal part of Alberta's post-pandemic recovery efforts. The KXLP would enlarge Alberta's crude oil infrastructure, expand Alberta's access to international crude oil markets, and allow Alberta to deliver much-needed heavy crude oil to U.S. Gulf Coast refineries. The KXLP would further support Alberta's economic recovery by creating thousands of jobs for Alberta's citizens, boosting revenue for local businesses, and expanding Alberta's gross domestic product.

8. Alberta's brief would be useful to this Court. It provides facts supporting the Plaintiffs' positions, as set forth above, and confirms the serious consequences arising from the Presidential Permit's revocation. It explains why an order allowing the KXLP to proceed is of critical importance to Alberta, the KXLP's

future construction and operation, and Plaintiffs. Alberta's brief explains how the KXLP would further strengthen the integrated and mutually beneficial trading relationship between Canada and the United States. Further, it explains how a decision on the merits of this case would have significant practical consequences for the KXLP, Alberta, and Plaintiffs.

9. Alberta's amicus brief is timely. Alberta is filing this motion three weeks after the Plaintiffs filed their response in opposition to the Defendants' motion to dismiss, and six days before the Defendants must file their reply in support of the motion to dismiss. Hence, the Defendants will have the opportunity to respond to the information in Alberta's amicus brief.

10. Alberta's amicus brief is necessary to the administration of justice, as set forth above.

For the above reasons, Alberta respectfully requests that the Court grant this motion, allow Alberta to participate in this case as an amicus curiae, and allow Alberta to file the attached amicus curiae brief.

Respectfully submitted this 14th day of September, 2021.

> /s/ Tricia W. Macaluso
> Tricia W. Macaluso
> State Bar Number: 24013773
> BRYAN CAVE LEIGHTON PAISNER LLP
> JP Morgan Chase Tower
> 2200 Ross Avenue, Suite 3300
> Dallas, TX 75201
> Tel:  (214) 721-8150

604126840.2

Fax: (214) 721-8100
tricia.macaluso@bclplaw.com

Robert Tuchman*
Michael J. Hofmann*
Paul J. Lopach*
BRYAN CAVE LEIGHTON PAISNER LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203
Telephone: (303) 861-7000
Facsimile: (303) 866-0200
robert.tuchman@bclplaw.com
michael.hofmann@bclplaw.com
paul.lopach@bclplaw.com

*Attorneys for the Province of Alberta, Canada*

*Motions for admission *pro hac vice* forthcoming

604126840.2

## CERTIFICATE OF CONFERENCE

Pursuant to local Rule 7.1 and Rule of Practice 5(d), I certify that I conferred with counsel for Plaintiffs and Defendants on September 10, 2021, regarding the relief sought in this motion. Counsel for Plaintiffs and Defendants indicated that they do not object to the relief requested in this motion.

*/s/ Tricia W. Macaluso*
Tricia W. Macaluso

## CERTIFICATE OF SERVICE

I certify that on September 14, 2021, this document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Tricia W. Macaluso*
Tricia W. Macaluso

604126840.2